IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO ENRIQUE GIL DE LA MADRID-
PEREZ,

    **Appellant,**

        **v.**             **CIVIL NOS.** 14-1287 (FAB)

BOWLES CUSTOM POOLS & SPA, INC.,

    **Appellee.**

## OPINION AND ORDER

BESOSA, District Judge.

    Before the Court is appellant Julio Enrique Gil De La Madrid's appeal from a judgment issued by the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court"). (Docket No. 5.)  For the reasons discussed below, the Court **AFFIRMS** the Bankruptcy Court's judgment.

## I.   Background

    On March 20, 2012, appellant filed a Chapter 13 bankruptcy petition with the Bankruptcy Court. In re De La Madrid-Perez, 2014 WL 792025, at *1, No. 12-02042 (Bankr. D.P.R. Feb. 25, 2014).  The Bankruptcy Court set July 19, 2012, as the bar date by which to file unsecured claims.  Id.  On June 8, 2012, the Bankruptcy Court granted the Chapter 13 Trustee's motion to dismiss the case.  Id. Appellant moved to reconsider the dismissal, and the Bankruptcy Court reinstated the bankruptcy case on August 1, 2012.  Id.  On August 7, 2014, appellee Bowles Custom Pools & Spa, Inc.

("Bowles")[1] sought leave to file an untimely unsecured claim,
explaining that due to the previous dismissal of the case, Bowles
did not think it necessary to file a proof of claim and therefore
missed the filing deadline.  Id.  Appellant objected to Bowles's
claim.  Id.

Adopting the reasoning of the Bankruptcy Court for the
Northern District of Texas, the Bankruptcy Court determined that
where extenuating circumstances exist to disrupt a case, "for
example, a dismissal of the case and a proof of claim deadline that
elapses before the reinstatement of the case, the bankruptcy courts
have the power to nullify the original bar date and recalculate
[it]."  Id.  (quoting In re Gulley, 400 B.R. 529, 539 (Bankr. N.D.
Tex. 2009)).  On February 25, 2014, the Bankruptcy Court, out of
"all fairness to the bankruptcy process," did just that, and reset
the bar date to September 6, 2012, held that Bowles's claim was
timely filed, and denied appellant's objection to the claim.  Id.
at *2.

## II.  Bankruptcy Appeal Standard

The Court has jurisdiction over this appeal pursuant to 28
U.S.C. § 158(a)(1).  On appeal, the Court reviews the Bankruptcy

---

[1] Indicative of appellant's poor attention to detail
throughout his brief, appellant exclusively refers to appellee as
"Bowels," from the case caption to the end of the brief.
Appellant's unfortunate misspelling of appellee's name has not gone
unnoticed by the Court.  Indeed, despite the fact that appellant
seems to have copied and pasted much of his brief from other
sources, the brief contains an abundance of typographical errors.

Court's conclusions of law *de novo* and findings of fact for clear error.  See, e.g., Donarumo v. Furlong (In re Furlong), 660 F.3d 81, 86 (1st Cir. 2011); Calderon v. CitiMortgage, 437 B.R. 25, 27 (D.P.R. 2010) (Dominguez, J.) (citing Prebor v. Collins (In re I Don't Trust), 143 F.3d 1, 3 (1st Cir. 1998) and Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)).

Discretionary rulings, including case management decisions or extensions of time, are reviewed for abuse of discretion.  See In re Gonic Realty Trust, 909 F.2d 624, 626 (1st Cir. 1990) ("Discretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion."); In re San Miguel Sandoval, 327 B.R. 493, 506 (B.A.P. 1st Cir. 2005) ("Since the bankruptcy court is afforded much discretion in determining whether a creditor in a chapter 13 case should be granted an extension of time to file a proof of claim, . . . this Panel must determine whether the bankruptcy court abused its discretion."); Pico Vidal v. Ruiz Alvarado, 377 B.R. 788, 795 (D.P.R. 2007) (Gelpi, J.) ("Appellate review of a court's management decisions is solely for abuse of discretion.") (citing Velez v. Awning Windows, Inc., 375 F.3d 41 (1st Cir. 2004)).  Pursuant to an abuse of discretion standard, a reviewing court cannot reverse unless it has a "definite and firm conviction that the court below committed a clear error of judgment."  Calderon, 437 B.R. at 27 (internal quotation marks and citation omitted).

### III. Discussion

On appeal, appellant claims that the Bankruptcy Court erred by amending "the Federal Rules of Bankruptcy Procedure by inserting an additional exception to those provided for in [Federal Rule of Bankruptcy Procedure] 3002(c)(1)(6)." (Docket No. 5 at p. 6.)  As the Bankruptcy Court put it, the issue to be decided is,

> How should the dismissal, and then reinstatement, of a Chapter 13 case impact the proof of claim bar date, when the bar date expires during the period after dismissal and prior to reinstatement, and the court does not otherwise specifically extend the bar date after the reopening of the case?

In re De La Madrid Perez, 2014 WL 792025, at *1.

Federal Rule of Bankruptcy Procedure 3002(c) enumerates six exceptions that allow untimely filed proofs of claim. Fed. R. Bankr. P. 3002(c)(1)-(6). This case does not fit into any of those exceptions, none of which takes into account whether a case has been dismissed and subsequently reinstated. Federal Rule of Bankruptcy Procedure 9006(b)(3) "limits the [Bankruptcy Court]'s jurisdiction to enlarge the time for taking action under Rule 3002(c) to the extent and only under the conditions stated by this particular rule." In re De La Madrid Perez, 2014 WL 792025, at *1 (citing Fed. R. Bankr. P. 9006(b)(3)). As appellant sees it, "[t]hat is it!" (Docket No. 5 at p. 6.) The Bankruptcy Court's hands were tied, appellant contends, by the Bankruptcy Rules's limited enumerated exceptions to untimely filed claims. Id.

The Court disagrees.  Rule 9006 cannot apply where the bar date has been nullified by an intervening dismissal of a case.  In such a circumstance, strict adherence to the language of the rules cited above would produce absurd results.  Because the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . ," 11 U.S.C. § 105(a), it follows that the court can reset a bar date that has been cancelled or nullified.

Here, it was within the Bankruptcy Court's discretion both to dismiss appellant's case and then, upon reconsideration, to reinstate it.  See In re Weinstein, 164 F.3d 677, 686 (1st Cir. 1999) ("We review the bankruptcy court's discretionary decision to reopen the case and reconsider its prior decision for an abuse of discretion.").  Because the bar date fell within the 49-day period during which the case was dismissed, the Bankruptcy Court could not have ordered compliance with that original date.  The exceptions enumerated in Rule 3002(c) therefore did not govern the timeliness of appellant's claim, and the Bankruptcy Court was within its discretionary powers to set a new bar date in line with the newly reinstated case.  Having appropriately reset the bar date, the Bankruptcy Court also acted within its discretion when it granted appellee leave to file an "untimely" claim.

Thus, under either a *de novo* or abuse of discretion standard, the Court finds no error in the Bankruptcy Court's decision.

Civil No. 14-1287 (FAB)                                                          6

**IV.  Conclusion**

For the foregoing reasons, the Court **AFFIRMS** the judgment of the Bankruptcy Court in the underlying case.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 7, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE